UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                   Case No. 8:11-CR-28-T-27AAS

PATRICK LEAKS
_____/

**ORDER**

**BEFORE THE COURT** is Petitioner's Motion of Supplemental Authority, construed as a motion for sentence reduction under the First Step Act of 2018, and his supplement (Dkts. 121, 123).[1] Upon consideration, the construed motion for sentence reduction under the First Step Act of 2018 and supplement is **DENIED**.[2]

Defendant was convicted after a jury trial of possession of a firearm and ammunition by a convicted felon (Count One), possession with intent to distribute cocaine (Count Two), and possession of a firearm in furtherance of a drug trafficking offense (Count Three) (Dkt. 58). He was sentenced as an armed career criminal to concurrent 300 month terms on Counts One and Two and a consecutive 60 month term on Count Three, followed by concurrent terms of supervised release of 5 years on Counts One and Three, and a 6 year term on Count Two (Dkt. 79). His convictions and sentences were affirmed on appeal (Dkt. 99).

Defendant contends that the First Step Act retroactively modified the types of prior convictions for sentencing enhancements under 21 U.S.C. § 841, including the offenses qualifying as serious

---

[1] The title of Defendant's motion references his motion to vacate under 28 U.S.C. § 2255, pending in Case No. 8: 14cv582-T-27AAS. The substance of the motion, however, cites to and seeks relief under the First Step Act of 2018, and is construed accordingly.

[2] The Federal Defender's Office was appointed on April 1, 2019 (Dkt. 122) but has taken no action. That order is **VACATED**, since Defendant is not eligible for relief under the First Step Act.

1

violent felonies, and the minimum mandatory penalties applicable to his offenses. He contends that he no longer qualifies for those enhanced penalties. He is mistaken.

Section 401 of the First Step Act, which amended and modified the types of qualifying prior convictions for enhancements under 21 U.S.C. § 841(b)(1)(A), applies to offenses that were "committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment.*" First Step Act, Pub. L. No. 115-391, § 401 (emphasis added).[3] Since Defendant was sentenced before enactment of the First Step Act, by the plain language of the Act, the modifications do not apply. And the modifications to § 841 are not retroactive.[4]

**DONE AND ORDERED** this 19th day of August, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[3] Section 401(c) states: "Applicability to pending cases: This section, and the amendments made by this section, shall apply to any offense that was committed before the enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." See First Step Act of 2018, Pub. L. No. 115-391, § 401.

[4] Under Section 404(b) of the First Step Act of 2018, a court may "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. Under Section 404(a), a "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ... that was committed before August 3, 2010." Relevant here, Section 2 of the FSA increased the threshold quantities of *crack cocaine* required to trigger the minimum mandatory penalties for violations of § 841(a).
  Defendant does not contend that he is eligible for a sentence reduction under the First Step Act, and rightly so. His drug conviction in Count Two is not a "covered offense" as defined in Section 404 of the First Step Act. He was convicted of possession with intent to distribute cocaine, *not* cocaine base (Dkt. 58).